STEPHENVILLE, NORTH & SOUTH TEXAS RAILWAY COMPANY v. MRS. S. R. MOORE ET AL.

Decided June 26, 1909.

**1.—Condemnation Proceedings—Irrelevant Testimony.**

In a proceeding by a railroad company to condemn land for right of way purposes, the amount of damages to which the defendants should be entitled being the sole issue, it was reversible error to permit a witness for defendants to testify that a rent house situated on defendant's premises near the right of way had been burned since the railroad was put in operation.

**2.—Same—Measure of Damages.**

In condemnation proceedings the correct measure of damages is the value of

the land at the time the railroad took possession of the same, and not at the time of the trial.

**3.—Practice—Examination of Witnesses—Limit as to Time.**

In the absence of a showing that appellant was injured thereby, the action of the trial court in limiting the time allowed to appellant's attorney in the examination of its witnessess, would not be reversible error.

Appeal from the County Court of Erath County. Tried below before Hon. M. J. Thompson.

*Marshall Ferguson,* for appellant.—The court erred in permitting the witness Johnson Thomas, a witness for the defendant, to testify over the objection of the plaintiff on his direct examination, as follows: "When the railroad first entered the farm in question there was a little rent house on said farm situated about thirty yards from the center of the right of way of plaintiff's railroad, and was there when the railroad commenced to operate, and this rent house has been burned down since the railroad was put in operation," because evidence of burning a house near plaintiff's right of way since the railroad was put in operation was immaterial to any issue in this cause, and was calculated to prejudice the rights of plaintiff before the jury, and could offer no proper basis for damages in a suit in condemnation.

The court erred in permitting the witness Johnson Thomas, and all other witnesses who testified on the trial of this cause, to testify over the objection of the plaintiff railway company as to the market value of the land in controversy at the time plaintiff railroad built its tracks across the farm in question, which the witnesses stated was about the month of April or May of the year 1907, because this was a regular proceeding in condemnation instituted by the plaintiff railway company, and in the absence of a deposit made by the railroad company, in accordance with the award of the commissioners theretofore appointed by the county judge, the measure of damages should be estimated as of the date of the trial.

The court erred upon the trial of this cause in refusing to allow the plaintiff, by counsel, a longer time than three minutes in which to examine witnesses placed upon the stand in its behalf, because such action was a gross abuse of the court's discretion, and deprived plaintiff of its legal right to present properly its side of the case to the jury.

*J. B. Keith* and *Theodore Mack,* for appellees.

DUNKLIN, ASSOCIATE JUSTICE.—The Stephenville, North & South Texas Railway Company instituted proceedings to condemn for right-of-way purposes certain land belonging to Mrs. S. R. Moore and others, and from a judgment in favor of the owners of the land the railway company has appealed.

The admission of the testimony of the witness Johnson Thomas, to the effect that the rent house situated near the right of way has burned since the railroad was put in operation, we think was error, which was calculated to be prejudicial to the defendant, and for this error the judgment must be reversed.

Appellant complains of the admission of testimony as to the market value of the land taken at the time its railroad was built over it, rather than at the date of trial. The basis of this assignment is the proposition that prior to the trial it made no deposit of the amount of damages assessed by the commissioners appointed by the county judge, that therefore there was no legal taking of the land prior to the trial, and that the proper measure of damages should be the value of the land at the date of the trial. We are inclined to hold that in any event the correct measure of damages would be. the value of the land at the time appellant constructed its road upon it. In the case of Morris v. Coleman Co., 28 S. W., 381, cited by appellant, the Commissioners' Court had ordered a public road opened across certain land, and it was held that the market value of the land at the date of the trial was the proper measure of the owner's damages, in view of the fact that there had been no previous deposit of the amount awarded by commissioners appointed for that purpose, and therefore the date of the trial was the date the land was taken. But in that case it does not appear that the road had been opened on the land prior to the trial. However, at all events there was no error in admitting the evidence complained of herein in view of the fact that the record does not show that appellant had failed prior to the trial to make the deposit of the damages previously assessed, and in view of the agreement by the parties upon the trial that defendant had taken all necessary steps for the condemnation of the land.

No injury is shown to appellant by the action of the trial court in refusing to allow its counsel a longer time than was given to examine witnesses, and therefore the fourth assignment of error is overruled.

For the error above indicated the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*